IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRIAD ENGINEERING GROUP, INC.; TRIAD CONTRACTING INC.; DON WHEELER and GARY BISHOP,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Number **2:05-cv-1042-UWC** |
| vs. | ) ) ) | |
| **PENN NATIONAL INSURANCE COMPANY; J.R. PREWITT, III; J.R. PREWITT & ASSOCIATES,** *et al.*, | ) ) ) ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION

Plaintiffs Triad Engineering Group, Inc., Triad Contracting, Inc., Don Wheeler, and Gary Bishop ("collectively, Plaintiffs") initially filed this action in the Circuit Court of Jefferson County, Alabama, against Defendants Penn National Insurance Company ("Penn National"), J.R. Prewitt & Associates, and J.R. Prewitt, III, an individual. All Plaintiffs are Alabama citizens. Defendant Penn National is a foreign corporation, but Defendant J.R. Prewitt & Associates is an Alabama corporation, and J.R. Prewitt, the individual, resides in Alabama.

Plaintiffs' central complaint is that Defendants fraudulently induced Plaintiffs to purchase business insurance and failed to honor Plaintiffs' claims for coverage under the

insurance policy. Particularly, Plaintiffs seeks damages for alleged misrepresentation, fraud, negligence and breach of contract. In their Complaint, Plaintiffs asked for an unspecified amount of compensatory and punitive damages. Defendants removed this action under 28 U.S.C. §1332, based on this Court's purported diversity jurisdiction. (*See* Doc. 1, Notice of Removal at p. 1.)

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In determining whether a federal court has jurisdiction over a diversity action "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to invoke a federal court's diversity jurisdiction, the plaintiff must assert complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). The plaintiff satisfies the amount in controversy requirement by claiming, in good faith, a sum in excess of $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d

805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)(abrogated on other grounds).

## ANALYSIS

This Court lacks diversity subject matter jurisdiction over this action for the following reasons.

First, diversity in citizenship is lacking. All Plaintiffs are either Alabama corporations or individuals who reside in Alabama, and at least two Defendants are also Alabama citizens. The Complaint alleges that Defendant J.R. Prewitt resides in Birmingham, Alabama, and that J.R. Prewitt & Associates is an a Alabama corporation.[1]

Second, Defendant Penn National has not sufficiently shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its Notice of Removal, Penn National argues that "[t]he amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs." (*See* Doc. 1, Notice of Removal at p. 18.) Defendant's argument is not persuasive. Because Plaintiff claims an indeterminate amount of compensatory and punitive damages, this Court can not indulge in the speculation that Plaintiffs' claims exceed $75,000. *See Cohen v. Office Depot, Inc.*, 304 F.3d 1069 (2000). Accordingly, this Court is without diversity subject matter jurisdiction over this action.

---

[1] In its Notice of Removal, Penn National argues that the diversity of citizenship requirement is satisfied, because Defendants J.R. Prewitt, III, and J.R. Prewitt & Associates, who are Alabama citizens, were fraudulently joined. Assuming this is true, this Court still lacks subject matter jurisdiction over this action because Penn National has not demonstrated that the amount is controversy exceeds $75,000.

## CONCLUSION

By separate order, this action will be dismissed and remanded to the Circuit Court of Jefferson County, Alabama.

Done this 9th day of August, 2005.

_____
U.W. Clemon
Chief United States District Judge